IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MERIDIAN SECURITY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ROWDY ROBERTS, <br><br> Defendant. | Case No. 19-CV-00884-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is Plaintiff Meridian Security Insurance Company's ("Meridian") motion to strike the affirmative defense asserted by Defendant Rowdy Roberts (Doc. 12). The motion to strike was filed on October 2, 2019, and a response to the motion was due within fourteen days. SDIL-LR 7.1(g). A response is not on file. The absence of a response will be considered as an admission by the Roberts that Meridian's motion to strike has merit. *Id.*

The Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). As a general rule, motions to strike are disfavored and rarely granted because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Motions to strike will be granted, however, when the affirmative defenses "are insufficient on the face of the pleadings" or add "unnecessary clutter" to the case. *Id.*

Here, Roberts used the phrase "speaks for itself" throughout the pleading (Doc. 10). Roberts also submitted the following affirmative defenses in the pleading:

1. The Complaint for Declaratory Judgment fails in whole, or in part, to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred because Plaintiff did not have a subrogation interest under California law.

3. Plaintiff's Complaint is barred because Plaintiff's rights were not prejudiced by the Defendant.

4. Plaintiff's Complaint is barred because any settlement Defendant received from the Traut Firm was not paid because of bodily injury on behalf of persons, or organization, that may be legally responsible.

5. Plaintiff's Cause of Action is barred because the Defendant is entitled to pursue underinsured motorist coverage because he exhausted the policy of the underinsured tortfeasor.

(*Id.*).

Meridian argues that Roberts's answers containing "speaks for itself" violate Federal Rule of Civil Procedure 8(b)(1) requiring the defendant to admit or deny the allegations asserted and therefore should be stricken. The Court disagrees. First, Meridian failed to show how it would be prejudiced by the challenged allegations. Second, the "speaks for itself" phrase in Roberts's answers is used to refer to characterizations that Meridian made about the policy and other documents in its complaint. Roberts likely used such language not out of a desire to avoid responding to those parts of the complaint, but to ensure that no unintended inferences could be drawn from admitting or denying language contained in the policy and other documents. The Court is sympathetic to this pleading dilemma and will not strike the phrase "speaks for itself" from Roberts's answers.

Meridian next argues that Roberts's affirmative defenses merely denied allegations contained in the complaint instead of disclosing a new matter or allegation that would elevate the plain denial. "The concept of an affirmative defense under Rule 8(c) requires a responding party to *admit* a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability (or perhaps from full liability)." *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012). *See also Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 906 (N.D. Ill. 2006). But Courts have routinely held that affirmative defenses will not be stricken even if they are redundant of general denials "given that it may be difficult to determine whether a particular matter should be plead affirmatively, especially whether it may fall under Rule 8(c)'s catch-all phrase, the pleader is usually given the benefit of the doubt when setting forth a purported affirmative defense." *Venta (bvba) v. Top Disposal II, Inc.*, 2001 WL 111235, at *2 (N.D. Ill. Feb. 8, 2001) (quoting *Franklin Capital Corp. v. Baker and Taylor Entertainment, Inc.*, 2000 WL 1222043, at *1 (N.D. Ill. Aug. 22, 2000)).

Meridian's motion to strike (Doc. 12) Roberts's "speaks for itself" phrases and affirmative defenses contained in his answer to the complaint (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   March 5, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**