IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MERIDIAN SECURITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ROWDY ROBERTS,<br><br>Defendant. | Case No. 19-CV-00884-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Plaintiff Meridian Security Insurance Company's ("Meridian") motion to compel production of a previous settlement agreement (Doc. 22).

## FACTUAL & PROCEDURAL BACKGROUND

This action commenced with a complaint seeking declaratory judgment filed by Meridian pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201 (Doc. 1). According to the Complaint, this case arises from an automobile accident that occurred on December 3, 2015, when a vehicle driven by Jorge Solis crashed into the back of a vehicle driven by Defendant Rowdy Roberts (*Id.*). Solis was insured by Loya Casualty Insurance Company, and Roberts was insured by Meridian (*Id.*). Roberts claimed that he was injured in the accident and settled with the Solis's insurer for the $15,000 bodily injury limit of liability under the policy (*Id.*). Roberts then demanded underinsured motorist ("UIM") coverage arbitration with Meridian. (*Id.*).

Meridian filed the instant suit seeking declaratory judgment affirming that it has no duty or obligation under the insurance policy to provide UIM coverage benefits for Roberts (Doc. 1). In Count I, Meridian claims there is no UIM coverage available to Roberts because he failed to provide timely written notice of a tentative settlement with the at-fault driver (*Id.*). In Count II, Meridian alleges that Roberts judicially admitted that there is no UIM coverage available him as a result of a suit he filed against Meridian and his former attorneys (*Id.*). In the alternative, in Count III, Meridian states that if it has any duties to Roberts pursuant to the policy, it is entitled to offset its payment based on the settlement that Roberts agreed to with his former attorneys for professional negligence due to failure to timely provide notice (*Id.*). In furtherance of Count III of the suit, Meridian sought production of the unredacted settlement agreement, which Roberts objected to providing (Doc. 22, Exs. B and D). Meridian now asks this Court to order Roberts to produce the unredacted settlement agreement that resulted from the settlement with his former attorneys.

## LEGAL STANDARD

The scope of discovery in federal civil cases is governed by Federal Rule of Civil Procedure 26. A party may object to the relevance of discovery sought, though Rule 26 defines the term broadly. FED. R. CIV. P. 26(b)(1) provides, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any parties claim or defense and proportional to the needs of the case. . . ." Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* District courts have broad discretion to control

discovery, and may limit the scope of discovery if the discovery sought is obtainable in some less burdensome manner. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Strong public policy considerations favor of the disclosure of relevant materials such that "before restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth seeking function in the particular case before the court." *Id.*

## ANALYSIS

Meridian argues that the settlement agreement is relevant to this suit. Specifically, Meridian asserts that because Roberts settled with his former attorneys for money that would have comprised his UIM claim with Meridian had there been no professional negligence, he is now attempting a second recovery for the same injury, and the terms of the agreement are evidence of the double dip (Doc. 22). Roberts argues that the settlement agreement would only come into play in the event that Meridian were unsuccessful on its other two counts, therefore stating that the relevancy of the settlement agreement is disproportionate to the burden of providing it (Doc. 23). Roberts bolsters this point by asserting that he is bound by the confidentiality provision that was part of the settlement (*Id.*). He claims that the provision reads that "absent a court order, Defendant is only permitted to disclose that the matter is resolved" (*Id.*).

As the party objecting to discovery, Roberts has the burden to show with specificity why a particular discovery request is improper. *Kodish v. Oakbrook Terrace*

*Fire Protection Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006). "That burden cannot be met by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome, or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *3600 Michigan Co. Ltd. v. Infra-Metals Co.*, 2009 WL 3111422 at *2 (N.D. Ind. Sept. 24, 2009). In other words, a mere allegation of insufficiency without more will not do.

The settlement agreement is clearly relevant to this suit. After all, the events leading up to the negligence suit and the events during the suit, including the settlement, set this suit into motion. Roberts's argument about the premature nature of the request is off base. Meridian is not speculating that the settlement agreement might be relevant at some point down the road. There is an active claim that directly turns on the settlement agreement itself, whether it is an alternative to the other two claims or not. Because Roberts clings to the mere hypothetical relevancy of the agreement as argument and reason to abide by the confidentiality agreement and, thus, withhold disclosure, his argument disintegrates on this finding.

Confidentiality is also a flimsy excuse on its own here and does not lead the Court to conclude that the request was improper or unduly burdensome. Roberts and his former attorneys privately negotiated and agreed to keep the settlement agreement confidential, meaning that the agreement itself is not protected by any legally recognized privilege. Claims that parties agreed to keep documents confidential for discovery purposes do not suffice to show good cause, and settlement agreements have been found discoverable despite confidentiality. *See Meharg v. I–Flow Corporation*,

2009 WL 3032327 at *6 (S.D. Ind. Sept. 18, 2009); *see also Thermal Design, Inc. v. Guardian Bldg. Prods. Distrib.*, 270 F.R.D. 437, 438-39 (E.D. Wis. 2010). What Roberts's argument on this motion and his previous Motion to Strike (Doc. 12) seemingly demonstrate is a form of discovery dispute gamesmanship that the Court finds distracting and unnecessary. Parties are advised to observe the discovery plans agreed to in the Joint Report of the Parties (Doc. 16-1), which reminds the parties to negotiate and compromise when possible and contact the Court to arrange a telephonic discovery dispute conference if they are unable to resolve their dispute on their own.

## Conclusion

For the reasons set forth above, the Court **GRANTS** Meridian's Motion to Compel (Doc. 22). Roberts shall produce the settlement agreement to Meridian within **7 days**.

**IT IS SO ORDERED.**

DATED: March 31, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**